UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JENNIFER FIGUEROA, on behalf of her minor son, S.G.

                        Plaintiff,

      -against-

CITY OF NEW YORK,
NYPD SCHOOL SAFETY OFFICER JOHN DOE #1,
NYPD SCHOOL SAFETY OFFICER JOHN DOE #2, and
NYPD POLICE OFFICER McCLAIN, Shield No. 14159,

                        Defendants.

------------------------------------------------------------------------X

Index No. 24-CV-8375

**COMPLAINT**

Plaintiff Demands Jury Trial

      Plaintiff, JENNIFER FIGUEROA on behalf of her minor son, S.G., by and through her attorney, Alexis G. Padilla, complaining of the defendants, CITY OF NEW YORK, NYPD SCHOOL SAFETY OFFICER JOHN DOE #1, NYPD SCHOOL SAFETY OFFICER JOHN DOE #2, and POLICE OFFICER McCLAIN, Shield No. 14159, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

    1.    This is a civil rights action in which the plaintiff, JENNIFER FIGUEROA, pursuant to Federal Rule of Civil Procedure 17(1)(A) seeks relief on behalf of her son S.G., a minor, for the defendants' violation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court

1

by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.  Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

4.  Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## PARTIES

5.  Plaintiff is a United States citizen of full age residing in Bronx County, State of New York. Plaintiff is the mother of S.G. and his legal guardian.

6.  S.G., a minor, is a United States citizen residing in Bronx County, State of New York. At the time of the incident, he was 15 years old.

7.  Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

8.  Defendant NYPD SCHOOL SAFETY OFFICER JOHN DOE #1 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant SCHOOL SAFETY OFFICER JOHN DOE #1 acted under color of the laws, statutes,

ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9. Defendant NYPD SCHOOL SAFETY OFFICER JOHN DOE #2 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant SCHOOL SAFETY OFFICER JOHN DOE #2 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

10. Defendant NYPD POLICE OFFICER McCLAIN, Shield No. 14159 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. McCLAIN acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested

in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

### Incident #1

11. On or about November 28, 2022, S.G. was enrolled as a student and present during school hours at Metropolitan High School, which is located at 1180 Rev. James A. Polite Ave. in the Bronx.

12. S.G. became embroiled in a verbal argument with a fellow student.

13. Upon information and belief, defendant NYPD SCHOOL SAFETY OFFICER JOHN DOE #1 intervened.

14. S.G. continued to verbally engage and defendant SCHOOL SAFETY OFFICER JOHN DOE #1 then used force to take S.G. to the ground.

15. After S.G. was on the ground, defendant SCHOOL SAFETY OFFICER JOHN DOE #1 punched S.G. in the mouth, causing injury to his lip.

16. Other school safety officers, including NYPD SCHOOL SAFETY OFFICER JOHN DOE #2, then converged on S.G. and placed him in handcuffs.

17. While S.G. was being handcuffed, SCHOOL SAFETY OFFICER JOHN DOE #2 used his knee to apply pressure to S.G.'s neck.

18. S.G. was then taken to an empty classroom and locked inside, while still handcuffed. He remained locked in that classroom for approximately two and a half hours before he was eventually released into his mother's custody.

19. At no time during the events described above did S.G. commit any act for which the force used would be a reasonable response.

20. At no time during the events described above did S.G. pose a threat to the officers or anyone else.

21. At all times during the events described above defendants knew or should have known that they lacked justification to use force against S.G.

22. As a result of the illegal and unjustified force used against him, S.G. suffered injury, pain, severe emotional distress and the violation of his constitutional right to be free from excessive force.

### **Incident #2**

23. On or about January 13, 2024, S.G. was lawfully present in the vicinity of 1963 Pilgrim Avenue in the Bronx when he was approached by a group of officers from the 45th Precinct of the NYPD, including defendant NYPD POLICE OFFICER McCLAIN, Shield No. 14159.

24. S.G. was with a group of friends as the officers approached. S.G.'s friends ran from the officers and S.G. followed.

25. Defendant P.O. McCLAIN gave chase and grabbed S.G.

26. Defendant P.O. McCLAIN then punched S.G. in the eye and slammed him to the ground, causing cuts and bruises to S.G.'s hands, arms, back and face.

27. Defendant P.O. McCLAIN then arrested S.G. even though he had no reason to believe that S.G. had committed any offense for which he could be arrested.

28. S.G. was placed in handcuffs and taken to a police vehicle.

29. S.G. was then transported to the 45th Precinct and held in a cell for several hours before he was released without charges.

30. At no time during the events described above did S.G. commit any act for which force would be a reasonable response.

31. At no time during the events described above did S.G. pose any threat to P.O. McCLAIN or anyone else.

32. At no time during the events described above did S.G. commit any act for which he could lawfully be arrested.

33. As a result of the illegal and unjustified acts of defendant P.O. McCLAIN, S.G. did suffer injury, including but not limited to pain, suffering and the loss of liberty.

## AS FOR A FIRST CAUSE OF ACTION

***Excessive Force in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution as against NYPD SCHOOL SAFETY OFFICER JOHN DOE #1, NYPD SCHOOL SAFETY OFFICER JOHN DOE #2 and NYPD POLICE OFFICER McCLAIN, Shield No. 14159***

34. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

35. At all times during the events described above defendants NYPD SCHOOL SAFETY OFFICER JOHN DOE #1, NYPD SCHOOL SAFETY OFFICER JOHN DOE #2 and NYPD POLICE OFFICER McCLAIN lacked probable cause to use force against S.G.

36. All of the aforementioned acts of the defendants were carried out under the color of state law.

37. All of the aforementioned acts of the defendants deprived S.G. of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

38. The acts complained of were carried out by the defendant police officers in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

39. The acts complained of deprived S.G. of his right to be free from excessive force.

40. The acts complained of resulted in pain and injury to S.G., a minor child at the time of the incident.

### AS FOR A SECOND CAUSE OF ACTION

*False Arrest as against defendant POLICE OFFICER McCLAIN, Shield No. 14159 in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

41. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

42. At all times during the events described above defendant P.O. McCLAIN lacked probable cause to arrest plaintiff.

43. All of the aforementioned acts of defendant P.O. McCLAIN were carried out under the color of state law.

44. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

45. The acts complained of were carried out by the defendant in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

46. The arrest complained of resulted in plaintiff's unlawful loss of liberty.

47. The acts complained of deprived plaintiff of his right to be free from false arrest.

## AS FOR A THIRD CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

48. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

49. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

50. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

51. At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force and arrest power as described in this Complaint.

52. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the days in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: November 4, 2024
       New York, NY

By:    */s/Alexis G. Padilla*
Alexis G. Padilla, Esq. [AP7400]
*Attorney for Plaintiff*
*Jennifer Figueroa*
378 Lewis Ave. #6
Brooklyn, NY 11233
(917) 238-2993
alexpadilla722@gmail.com