UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

JENNIFER FIGUEROA, on behalf of her minor                    24-cv-8375 (PKC)
son, S.G.,

                            Plaintiff,

v.                                                                                          ORDER

CITY OF NEW YORK, et al.,

                            Defendants.

_____

CASTEL, United States District Judge.

        The Complaint in this action was filed by Jennifer Figueroa, on behalf of her son S.G., on November 4, 2024. (ECF 1.) The Complaint alleges that S.G. was unlawfully subjected to excessive force and false arrest by three officers of the New York City Police Department ("NYPD") during two separate incidents in November 2022 and January 2024. (Id.) Figueroa brings claims against the officers and the City of New York (the "City") pursuant to 42 U.S.C. § 1983.

        On July 15, 2025, defendants moved to dismiss the Complaint pursuant to Rules 37 and 41(b), Fed. R. Civ. P. (ECF 21.) For the reasons explained below, the Court will deny the motion.

        On December 3, 2024, the Court designated this action under the "Section 1983 Plan," pursuant to Local Civil Rule 83.10.[1] (ECF 12.) Local Civil Rule 83.10 prescribes certain procedures for section 1983 actions brought by represented plaintiffs against the City and the NYPD or its employees for claims of excessive force, false arrest, or malicious prosecution.

_____

[1] The version of Local Civil Rule 83.10 referred to in this Order is that which was made effective on January 2, 2025, which was the version of the rule in effect when the defendants submitted their motion.

Local Civil Rule 83.10(a)(1) requires the plaintiff to serve on the City a release (the "section 160.50 release") for sealed arrest records pertaining to the arrest that is the subject of the complaint and for a list of all prior arrests.  Rule 83.10(i) requires prompt written notice to the presiding judge in the event any party fails to comply with any requirement of the rule.

On November 27, 2024, Figueroa served a section 160.50 release on the City. (ECF 15.)  On February 26, 2025, nearly three months later, defendants filed a letter informing the Court that the release served on the City by Figueroa "incorrectly released plaintiff's sealed records to plaintiff's counsel and not" to defendants, and that the release contained an incorrect birth date for the plaintiff.  (Id.)  The Court then ordered "Plaintiff to provide [the] § 160.50 release by March 21, 2025."  (ECF 16.)  On April 16, 2025, defendants submitted another letter to inform the Court that they had not received a corrected section 160.50 release from Figueroa, despite the Court's earlier order.  (ECF 17.)  In response, the Court ordered that "[i]f properly executed releases are not delivered to counsel for the defendants by April 30, 2025, defendants may move to dismiss the complaint with prejudice as a sanction under Rule 37, Fed. R. Civ. P." (ECF 18.)

On May 30, 2025, defendants submitted a letter to the Court requesting an extension of time to answer the Complaint.  (ECF 19.)  In the letter, defendants informed the Court that Figueroa had served "a compliant 160.50 release" on May 20, 2025, after the deadline set by the Court in its earlier order.  (Id.)  The Court granted the request for the extension.  (ECF 20.)

Then, on July 15, 2025, defendants filed a letter motion requesting that the Court dismiss Figueroa's Complaint for failure to prosecute under Rule 41(b), Fed. R. Civ. P., and as a sanction for failure to obey an order of the Court under Rule 37, Fed. R. Civ. P.  (ECF 21.)  In

their letter motion, defendants explained that the release provided by Figueroa on May 20, 2025 was "unusable to obtain S.G.'s arrest records" because the release was for the arrest records of Jennifer Figueroa and not S.G., whose arrests are the subject of the suit. (Id. at 2.) As such, defendants argue, the release did not comply with the Court's earlier orders and "no compliant release has been provided" to defendants as of the time of the letter. (Id.)

On August 1, 2025, counsel for Figueroa submitted a letter to the Court responding to defendants' letter motion. (ECF 22.) Counsel stated that he did "not dispute the factual assertions set forth in defendant[s'] letter to the Court" and "acknowledge[d] that the Court twice ordered my office to provide the necessary release and that I failed to do so on both occasions." (Id.) However, counsel noted that he "provided the necessary release to defense counsel" on July 25, 2025. (Id.) Counsel argues that defendants have not suffered any prejudice from the monthslong delay in receiving the release.

### I.   Failure to Prosecute.

Dismissal for failure to prosecute under Rule 41, Fed. R. Civ. P, is considered "a 'harsh remedy' that should 'be utilized only in extreme situations.'" Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). In weighing dismissal, the Court should consider whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions." U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004). "[N]one of the five factors is separately dispositive . . . ." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001).

As to the first factor, the Court must determine "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." Drake, 375 F.3d at 255. Counsel for Figueroa acknowledges that he failed to provide the required release despite the Court's orders requiring him to do so. Indeed, Figueroa failed to abide by the Court's February 27, 2025 Order (ECF 16) requiring the service of the release by March 21, 2025 and its April 16, 2025 Order (ECF 18) requiring service of the release by April 30, 2025. Figueroa finally served the release on defendants on May 20, 2025, nearly two months after the Court's initial deadline. But as mentioned, that release was unusable because it released Figueroa's arrest records and not those of her son; the correct release was only served on defendants on July 25, 2025. This delay of four months was undeniably significant. See Martin v. City of New York, 09-cv-2280 (PKC) (JLC), 2010 WL 1948597, at *2–3 (S.D.N.Y. May 11, 2010) (delay of litigation for two-and-a-half months due to plaintiff's failure to comply with discovery obligations supported dismissal). Accordingly, the first factor weighs in favor of dismissal.

On the second factor, the Court's April 16, 2025 Order expressly warned Figueroa that "[i]f properly executed releases are not delivered to counsel for the defendant by April 30, 2025, defendants may move to dismiss the complaint with prejudice as a sanction under Rule 37, Fed. R. Civ. P." (ECF 18.) Figueroa therefore had notice that further delay could result in dismissal of the Complaint.

As to the third factor, "prejudice may be presumed as a matter of law" when the "delay was lengthy and inexcusable." Drake, 375 F.3d at 256. Figueroa provides no explanation for why she was unable to provide the proper release by the Court's deadlines and why it took her four months to do so. However, it does not appear that defendants are "likely to be

4

prejudiced by further delay" because Figueroa has now served the correct release on defendants. This factor is therefore neutral to the question of dismissal.

The last two factors also do not weigh in favor of dismissal. While Figueroa's delay has unnecessarily required the Court to direct its attention to this matter and away from other litigants, it has not resulted in significant congestion to the Court's calendar. And Figueroa has now provided the correct release to defendants, suggesting that the possibility of other sanctions short of dismissal will be sufficient to prevent further delays by Figueroa.

Given the above, the Court does not believe this is one of those "extreme situations" requiring dismissal under Rule 41(b). Although Figueroa's delay of her case was inexcusable and significant, the Court does "not agree that the circumstances were sufficiently egregious" to warrant the harsh sanction of dismissal of the Complaint. Drake, 375 F.3d at 251.

II. Failure to Comply with the Court's Discovery Orders.

"[A]ll litigants . . . have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal . . . ." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (internal quotation marks and citation omitted). Rule 37(b)(2)(A) provides that if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders" including an order "dismissing the action."

In weighing dismissal under Rule 37, the Court considers "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155, 159 (2d Cir. 2012). The analysis of the final three factors

5

substantially overlaps with the analysis of these same factors as to dismissal under Rule 41. See Peters-Turnbull v. Bd. of Educ. of City of New York, 7 F. App'x 107, 110 (2d Cir. 2001).

As discussed above, Figueroa's delay in providing the correct release to the defendants has stalled this litigation for at least four months, and the Court has warned Figueroa that further delay in serving the release could result in the action's dismissal under Rule 37. But, as also noted, Figueroa has now served the proper release on defendants such that lesser sanctions may be sufficient to prevent further delays by Figueroa.

As to willfulness, Figueroa failed to comply with clear and unambiguous deadlines set forth in two of the Court's orders. But it is not evident that the delay was the result of an attempt to gain a tactical advantage in the suit rather than Figueroa's "attorney's deficien[t]" attention to her case. (ECF 22.) Because it appears that Figueroa's attorney's failure to abide by Court orders was the result of "sloppiness or negligence and did not seek an unfair advantage over the adversary in the litigation," the delay does "not warrant so drastic a sanction of the plaintiff" as dismissal of the plaintiff's Complaint. World Wide Polymers, 694 F.3d at 160.

CONCLUSION.

Defendants' motion to dismiss pursuant to Rule 41(b) and Rule 37 is DENIED without prejudice to renewal of the motion if there are any further lapses in Plaintiff's compliance with deadlines and the Court's Orders. Defendants' answer to the Complaint will be due on February 13, 2026. The initial pretrial conference in this case is adjourned from February 4, 2026 to June 8, 2026 at 10:30 a.m. (Call-In: 855-244-8681; Access Code: 2305 810 3970#).

The Clerk is requested to terminate the letter motion at ECF 21.

6

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
        January 23, 2026